| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | **NOT FOR PUBLICATION** |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>– against –<br><br>JAMAL WASHINGTON,<br><br>    Defendant. | **MEMORANDUM & ORDER**<br><br>19-CR-478 (ERK) (CLP) |

KORMAN, *J*.:

Defendant Jamal Washington, proceeding *pro se*, moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and the First Step Act. For the reasons set forth below, Washington's motion for a reduction in sentence is denied.

## I.   Background

I presume the parties' familiarity with the underlying facts of this case. In brief, Washington pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, contrary to 21 U.S.C. § 841(a)(1), in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(ii)(II). *See* ECF No. 58; ECF No. 91. On July 18, 2023, Washington was principally sentenced to sixty months of imprisonment, the applicable statutory mandatory minimum sentence. *See* ECF No. 90; 21 U.S.C. § 841(b)(1)(B)(ii)(II). Washington now moves *pro se* for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and the First

1

Step Act.[1]  ECF No. 96.  In particular, he requests that his sentence be modified to "home confinement, house arrest with outpatient rehab."  *Id.* at 20.  Washington principally argues that his sentence should be modified because: (1) he experienced trauma during his childhood; (2) he has struggled with substance abuse; (3) he "acted under seriously reduced mental capacity" at the time of the offense conduct and therefore was "unable to achieve the mental state required to commit the crime in question"; (4) he received ineffective assistance of counsel; (5) he received a greater sentence than other offenders who engaged in similar conduct; (6) the criminal justice system "disproportionately impacts communities of color," and "Black men statistically receive[] harsher prison sentences than white men who commit the same crimes"; (7) he has engaged in rehabilitative efforts, including programming and continuing education, while incarcerated; and (8) he has a "home plan" for post-release, and his family relies on him for support.  *Id.* at 3–19.  The United States Attorney opposes his motion.  *See* ECF No. 97.

## II. Legal Standard

Although a district court generally may not modify a term of imprisonment after it has been imposed, 18 U.S.C. § 3582(c)(1)(A)(i) permits courts to reduce a

---

[1] Washington's *pro se* motion, titled "Motion for Reduction in Sentence," cites only to "U.S.C. 3582 (c)(1)(A)" and the "First Step Act."  ECF No. 96 at 1–2.  The United States Attorney interprets Washington's motion as a request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  ECF No. 97 at 1.  I agree with this interpretation and construe Washington's motion as such.

2

defendant's sentence in certain circumstances. *United States v. Van Putten*, 726 F. Supp. 3d 245, 251 (S.D.N.Y. 2024). The statute provides, in relevant part, that:

> [A] court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i). Accordingly, a court may reduce a defendant's sentence if it determines that: (1) the defendant has exhausted his administrative remedies; (2) the defendant's proffered "extraordinary and compelling reasons" warrant a sentence reduction; (3) the reduction accords with the sentencing factors set forth in 18 U.S.C. § 3553(a); and (4) the reduction sought is consistent with policy guidance from the United States Sentencing Commission. *Id.*; *see also United States v. Henoa*, No. 95-CR-355, 2024 WL 730482, at *1 (E.D.N.Y. Feb. 22, 2024). "The defendant has the burden to show he is entitled to a sentence reduction" under § 3582(c)(1)(A). *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

The Sentencing Commission has identified several situations in which "extraordinary and compelling" reasons may exist to grant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). *See* U.S.S.G. § 1B1.13. Pursuant to Sentencing

3

Commission policy, a sentence reduction may be warranted if the defendant is suffering from a terminal illness; if the defendant is over 65 years old, is experiencing a significant deterioration in health, and has already served a significant portion of his sentence; if the defendant's family circumstances necessitate the defendant's release; if the defendant has been a victim of abuse while incarcerated; and if the defendant is serving an "unusually long sentence." *Id*. § 1B1.13(b)(1)–(4), (6). The relevant policy statement also instructs that a sentence may be reduced for "other reasons" if the defendant establishes "any other circumstance or a combination of circumstances that . . . are similar in gravity" to the enumerated circumstances. *Id*. § 1B1.13(b)(1)(5).

In addition to determining that "extraordinary and compelling" reasons exist to grant a sentence reduction, a court must also find that a sentence reduction is appropriate under the § 3553(a) sentencing factors. These factors include, *inter alia*: "the nature and circumstances of the offense[,] the history and characteristics of the defendant," and "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed . . . medical care, or other correctional treatment in the most effective manner." *See* 18 U.S.C. § 3553(a)(1)–(2).

### III. Discussion

As an initial matter, it does not appear that Washington exhausted his administrative remedies as required by the relevant statute. As the United States Attorney notes, Washington does not indicate that he requested the warden file a motion on his behalf or that he appealed an adverse decision to his request. ECF No. 97 at 4. Because Washington fails to demonstrate that he exhausted his administrative remedies, his motion for a sentence reduction is denied. *See United States v. Harris*, No. 15-CR-445-11, 2024 WL 3718049, at *4 (S.D.N.Y. Aug. 7, 2024) (denying *pro se* motion to reduce sentence where defendant "ha[d] not demonstrated that he ha[d] exhausted his administrative remedies").

Moreover, even assuming Washington had exhausted his administrative remedies, his motion would be denied on the merits. Passing over whether Washington demonstrates an "extraordinary and compelling" reason to consider granting a sentence reduction, his sentence of sixty months of imprisonment—the statutory mandatory minimum—remains appropriate in light of the § 3553(a) sentencing factors. *United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021) (holding that a court may deny a compassionate relief motion in sole reliance on the applicable § 3553(a) factors). Washington engaged in a serious crime, devising and executing a scheme to transport a large quantity of a dangerous controlled substance cross-country via a commercial airline for further distribution and financial gain. *See* ECF No. 66 at 3–5. He also has a history of engaging in criminal activity. *Id.*

5

at 6–7. Indeed, Washington previously pleaded guilty to another drug possession-related charge after he attempted to smuggle nearly three kilograms of cocaine through an airport security checkpoint. *Id.* The United States Attorney also reports that Washington was arrested and charged with multiple felony offenses in California prior to sentencing and while subject to the conditions of his bond in the instant case. *See* ECF No. 97 at 6. Accordingly, I conclude that a reduction in Washington's sentence is not warranted based on a consideration of the sentencing factors, namely "the nature and circumstances of the offense[,] the history and characteristics of the defendant" and "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; and (C) to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (2)(A)–(C).

## IV. Conclusion

For the foregoing reasons, Washington's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and the First Step Act is denied.

**SO ORDERED.**

Brooklyn, New York
April 24, 2025

*Edward R. Korman*
Edward R. Korman
United States District Judge